UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES J. GLOVER,

                    Plaintiff,

v.

STATE UNIVERSITY OF NEW YORK AT BUFFALO,

                  Defendant.

**Hon. Hugh B. Scott**

08CV418

(CONSENT)

**Order**

Before the Court are two motions:  defendant's motion to dismiss the Complaint (Docket No. 2[1]) and plaintiff's motion for leave to amend the Complaint (Docket No. 7[2]).  Prior to the parties consenting to proceed before the undersigned as Magistrate Judge (Docket No. 13, Feb. 16, 2009), the Court issued briefing schedules for both motions (Docket Nos. 3, 5, 10 (for defendant's motion, amended at the request of plaintiff, see Docket Nos. 4, 8), 9 (for plaintiff's motion)).  After consenting, a new schedule was entered (Docket No. 14), with all responses to both pending motions (or supplementation of responses already submitted) due on or before March 16, 2009, and any reply to either motion due on or before March 31, 2009, and both motions then were deemed submitted without oral argument on March 31, 2009.  On March 26, 2009, the Court deemed the motions submitted without further reply papers (Docket No. 16).

---

[1]In support of this motion, defendant submitted its attorney's declaration and memorandum of law, Docket No. 2, defense counsel's further declaration, Docket No. 12.
    In opposition, plaintiff filed his memorandum in opposition, Docket No. 11.

[2]In support of his motion, plaintiff submitted his memorandum in support, Docket No. 7, but did not submit the text of the proposed amendment to his pleading.
    In opposition, defendant submitted its attorney's declaration, Docket No. 15.

BACKGROUND

This is an Age Discrimination in Employment Act (or "ADEA") action, under 29 U.S.C.

§§ 621-34.  Plaintiff, proceeding pro se, alleges that he was born in 1940 and was 65 years old

when he was discriminated against by defendant employer in 2006 while working in the Division

of Athletics at the State University of New York at Buffalo as a staff associate (Docket No. 1,

Compl.).  Plaintiff claims that there was a pattern of age discrimination in his assignments and

work environment designed to make plaintiff consider retirement (id.).  In January 2006, plaintiff

received a job assignment he believed was not commensurate with the responsibility appropriate

for his title.  In a meeting with athletic director Warde Manuel, plaintiff asked to return to an

assignment with business operations (which was consistent with his education and experience)

but he was told that business operations had been computerized and that plaintiff's learning curve

would be "too steep" for him to perform the job (id.).  Plaintiff complains that he has not had a

performance evaluation in ten years, limiting his ability to receive salary increases or promotions.

He concludes that defendant created an unpleasant work environment in order to force him to

retire.  (Id.)

Plaintiff then filed a complaint with the New York State Division of Human Rights on

July 18, 2006, and the Equal Employment Opportunity Commission issued him a right to sue

letter on the same date (id.).

*Defendant's Motion to Dismiss*

Defendant filed the first pending motion to dismiss (pursuant to Fed. R. Civ. P. 12(b)(1))

(Docket No. 2), arguing that it was immune under the Eleventh Amendment from suit under the

Age Discrimination in Employment Act(Docket No. 2, Def. Memo. at 2d unnumbered page),

either as a suit against New York State itself or against the State University of New York as a

separate entity.  As to the latter status, defendant contends that the State University is an entity

within the New York State government, essentially the state for Eleventh Amendment purposes

(<u>id.</u> at 2d to 3d unnumbered pages).  Defendant concludes that this Court lacks subject matter

jurisdiction of this Complaint against defendant under the ADEA (<u>id.</u>; Docket No. 12, Def. Atty.

Decl. ¶ 5).

Plaintiff responds generally, citing the standard for dismissal for failure to state a claim

under Rule 12(b)(**6**) (emphasis added) (<u>see</u> Docket No. 11, Pl. Opp. Mem. at 2d unnumbered

page).  Defendant notes in its counsel's further declaration that plaintiff does not address the

Eleventh Amendment immunity arguments advanced by defendant in its motion (Docket No. 12,

Def. Atty. Decl. ¶ 4).

*Plaintiff's Motion for Leave to Amend the Complaint*

Plaintiff then moved for leave to amend the Complaint (Docket No. 7) to allege

harassment, the latest incident occurring on August 7, 2008 (<u>id.</u>, Pl. Memo. at 1st unnumbered

page).  Plaintiff claims that he sought to be excused from a meeting due to a health situation in

his family and was apparently granted leave but plaintiff claims that nevertheless he was singled

out for not attending that meeting (<u>id.</u> at 1st to 2d unnumbered pages).  He does not state how he

was harassed and did not attach proposed amendment language with his motion.  Plaintiff's

proposed amendment also does not address defendant's Eleventh Amendment sovereign

immunity arguments.

Defendant opposes plaintiff's motion because the proposed amendment would be futile

given defendant's pending motion to dismiss (Docket No. 15, Def. Atty. Decl. ¶¶ 9-10).  "Since

nothing about the proposed amendment to plaintiff's Complaint addresses this fundamental issue

[defendant's claimed Eleventh Amendment immunity], it is futile to amend the complaint, as it

should be dismissed in any event," defendant argues (id. ¶ 12, see id. ¶ 13).  Alternatively,

defendant asks that this Court reserve decision on plaintiff's motion to amend until it has decided

defendant's motion to dismiss (id. ¶ 14).

DISCUSSION

I.      Applicable Standards

A.      Motion to Dismiss

As was held recently by this Court in Citizens Against Casino Gambling in Erie County

v. Hogen, No. 07CV451, 2008 U.S. Dist. LEXIS 52395, at *59 (W.D.N.Y. July 8, 2008)

(Skretny, J.):

> "A case is properly dismissed for lack of subject matter jurisdiction under
> Rule 12(b) (1) when the district court lacks the statutory or constitutional power to
> adjudicate it.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The
> plaintiff bears the burden of establishing the existence of federal jurisdiction.
> Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Where, as here, the
> jurisdictional challenges are raised at the pleading stage, the court accepts as true
> all factual allegations in the complaint. It is 'presume[d] that general [fact]
> allegations embrace those specific facts that are necessary to support the claim.'
> Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990) (alterations added)."

(Docket No. 2, Def. Memo. at 2d unnumbered page.)

The Eleventh Amendment provides that "the Judicial power of the United States shall not

be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," U.S.

Const. amend. XI.  As defendant correctly notes (id. at 2d to 3d unnumbered pages), a suit

against the State University is in effect a suit against the state itself, Dube v. State Univ. of N.Y.,

4

900 F.2d 587, 594 (2d Cir. 1990) ("for Eleventh Amendment purposes, SUNY 'is an integral part of the government of the State [of New York] and when it is sued the State is the real party,'" citation omitted), cert. denied sub nom. Wharton v. Dube, 501 U.S. 1211 (1991).

B.      Leave to Amend Standard

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court.  Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires.  Granting such leave is within the sound discretion of the Court.  Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"  Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).  If a plaintiff is proceeding pro se, as here, leave to amend should be freely granted.  Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988) (pro se should be freely afforded opportunity to amend).

II.     Application

As suggested by defendant (cf. Docket No. 15, Def. Atty. Decl. ¶ 14), the Court will first consider its motion to dismiss.

A.      Motion to Dismiss and Eleventh Amendment Immunity

The Eleventh Amendment bars suits against the state (or state agencies) under the Age Discrimination in Employment Act by citizens of that state, Kimel v. Florida Bd. of Regents,

528 U.S. 62, 92 (2000); <u>see also</u> <u>Friedman v. State Univ. of N.Y. at Binghamton</u>, No. 06CV399,

2006 U.S. Dist. LEXIS 58605, at *2 (N.D.N.Y. Aug. 21, 2006) (holding State University was

state agency entitled to Eleventh Amendment immunity); <u>McGinty v. New York</u>, 251 F.3d 84, 88

(2d Cir. 2001) (Docket No. 2, Def. Memo. at 2d unnumbered page), in enacting this act Congress

did not validly abrogate state sovereignty under that Amendment, <u>Kimel</u>, <u>supra</u>, 528 U.S. at 72-

92.  This Court lacks subject matter jurisdiction over this dispute between a citizen of the state

and New York State (through its state university), <u>e.g.</u>, <u>Friedman</u>, <u>supra</u>, 2006 U.S. Dist. LEXIS

58605, at *2 (Docket No. 12, Def. Atty. Decl. ¶ 5).

Plaintiff cites the standard for a motion to dismiss for failure to state a claim under

Rule 12(b)(6), which is not applicable here.  The appropriate rule is Rule 12(b)(1) dismissal for

lack of subject matter jurisdiction, not addressed at all by plaintiff.  Despite the liberality to be

afforded <u>pro se</u> plaintiff's pleadings, plaintiff fails to address the issue of subject matter

jurisdiction.  Under the Eleventh Amendment, plaintiff cannot sue New York State, or its

instrumentality SUNY, in federal court.  Thus, defendant's motion to dismiss is **granted**.

B.       Motion for Leave to Amend the Complaint

Given the disposition above for defendant's motion to dismiss, despite plaintiff's <u>pro se</u>

status and the general liberality in allowing <u>pro se</u> parties leave to amend their pleadings,

plaintiff's motion for leave to amend (to add an additional harassment claim and not addressing

the immunity arguments raised in the defense motion) is also **denied**.  Plaintiff's proposed

motion merely adds a harassment claim without addressing the fundamental problem of this

Court lacking jurisdiction to consider the case given the Eleventh Amendment immunity enjoyed

by defendant university, also as noted by defendant (<u>see</u> Docket No. 15, Def. Atty. Decl. ¶¶ 9-

13).  Plaintiff's amendment here would be futile given the Eleventh Amendment immunity

enjoyed by defendant.  In addition, this proposed amendment does not address the fatal flaw in

plaintiff's Complaint, the immunity enjoyed by defendant under the Eleventh Amendment.

Plaintiff fails to cure this significant deficiency by this amendment, if any amendment can

obviate the Eleventh Amendment immunity plaintiff faces in commencing this action against

SUNY.  Therefore, plaintiff's motion for leave to amend is **denied**.

CONCLUSION

For the reasons stated above, defendant's motion to dismiss the Complaint (Docket

No. 2) is **granted**; this Court lacks subject matter jurisdiction over this suit because of

defendant's Eleventh Amendment immunity.  As a result, plaintiff's motion for leave to amend

the Complaint (Docket No. 7) to add an additional claim against defendant is **denied**.  The Court

Clerk is instructed to enter judgment consistent with this Order and to close this case.

So Ordered.

_/s/ Hugh B. Scott_
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        March 27, 2009